FRANK TELLES *v.* ALBERT and SARAH TRASK.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MAY 6, 1898.                DECIDED JUNE 20, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

The jury rendered a verdict for plaintiff for restitution of a piano with
$75 damages. There being no proof of the rental value of the
piano for the period of its detention and the case not admitting of
exemplary damages, the verdict was held to be excessive.

A witness testified that the title to the piano was in M. B. It was error
to refuse to admit in evidence the record of a previous case where
the witness had claimed title to the piano in herself.

A new trial ordered.

### OPINION OF THE COURT BY JUDD, C.J.

This case was tried in the District Court of Honolulu, the
subject in controversy being an old piano worth about fifty
dollars before it was repaired by plaintiff. The District Court
gave judgment for the plaintiff, ordering the piano to be returned
to him with nominal damages, $1. An appeal was taken to the
Circuit Court, First Circuit, where the jury also found for the
plaintiff but with damages $75.00, being half the damages
claimed.

Defendants' bill of exceptions to this Court embraces several
objections to the refusal of the court to admit certain evidence
offered by defendant claimed to be proper, and to the admission
of certain evidence claimed to be improper and to the court's
denying a motion for a new trial on the ground that the verdict

was contrary to the evidence and the weight of evidence and because the damages found by the verdict were excessive. This last ground we consider first. The piano had been for three months in defendant's possession under a process of court ordering restitution as the result of a former suit. The rule of damages in replevin is the value of the use of the property detained, or interest on the value of the property. There was no proof of the amount of rental value of a piano for three months. The complaint does not support punitive or exemplary damages. The amount spent by plaintiff in repairing the piano could not be reckoned in to swell the damages, for the verdict awarded plaintiff the piano itself. A new trial should be had upon this ground.

The piano in question was the property of one Abraham Bolster, Sen., who died intestate many years ago. He left a large family. The plaintiff's wife, Isabella, one Mrs. Martha Buckley and Mrs. Minnie Hardy were his daughters. The title to the piano depended upon the inquiry as to which daughter the decedent had given it. The testimony on this point was the statements of the various members of the family as to who of the family was regarded as the owner by the father, Mr. Bolster. Mrs. Telles was one of the principal witnesses relied on by plaintiff, and her testimony tended to show that the piano was Mrs. Martha Buckley's, from whom her husband held a bill of sale. There had been several suits respecting the ownership of the piano and the record of one of them, Law No. 3287, Mrs. Isabella Telles v. same defendants, was offered in evidence by defendant. It was urged by defendants' counsel as competent evidence to show that at the time Mrs. Telles claimed title to the piano in herself.

This evidence was not allowed by the court for that purpose and it was excluded as immaterial. This was error. The effect of this record, if admitted, would show that the witness Mrs. Telles had previously taken a position inconsistent from the present one. In the previous case she had claimed the piano as her's and now she asserts that it was her sister Martha's. The

defendants was entitled to this evidence if for no other purpose than to discredit the witness' testimony just given to the jury.

A new trial is ordered.

*C. Creighton* for plaintiff.

*L. A. Dickey* and *J. Q. Wood* for defendants.